McFarland, J.,
delivered the opinion of the Court.
This action was brought by W. C. Crowley against Black, Estes & Co. as endorsers of a note made by W. H. Horton payable to their order, and by them endorsed to Monroe Short, and by him to W. C. Crowley. The plaintiff having died, the action was revived in the name of his administrator.
Payment of the note was not demanded of the maker at maturity, and the question below was whether there was a sufficient excuse for failing to make this demand, or whether by reason of this failure the endorsers were discharged.
The declaration contains several counts, one of which avers that demand and protest were excused ■ by reason of the' fact that Black, Estes & Co. were the real debtors, and that the note was made for their accommodation.
In other counts it is averred that demand was excused by reason of the fact that the endorsers, Black, Estes & Co., had assumed the debt by taking a mortgage or deed of trust upon the property of the maker, Horton. With regard to the questions arising upon these latter counts, it is sufficient to say that the Circuit Judge excluded the evidence of the plaintiff offered to show that a certain mortgage or mortgages executed by Horton, the maker, was intended to secure said endorses, Black, Estes & Co., from liability *50 on this account, and also declined to charge the jury as requested by plaintiff below, as to the effect of taking such security. It is therefore clear that as to this there is no error against the defendants below. The case turned alone upon the question whether demand was excused by reason of the alleged fact that the note was made for the accommodation of Black, Estes & Co. The charge of the Circuit Judge upon this was, that if the jury were satisfied, from the evidence, that the money for which the note was executed, was loaned to Black, Estes & Co., or the note made for their accommodation, their verdict would be for the plaintiff'. The general correctness of this charge is, as we understand, not seriously controverted. But the counsel of Black, Estes & Co. requested the court to instruct the jury that if money for which the note was executed was, by Black, Estes & Co., received and placed to the credit of Horton’s account on their books, this would be evidence going to show that the loan was for the accommodation of Horton, and the defendants were only his accommodation endorsers. This was refused. We are of opinion that there was no error in this. This is not a case where a party’s own books may be given in evidence in his own favor, except so far as they may be used by the other party. It is objected that the Circuit Judge told the jury that if they were satisfied that Bladk, Estes & Co., the defendants, got the benefit of the money loaned, for which the note was executed, they would find for the plaintiff. It is argued that the jury must and have been misled by this, and founded *51 their verdict upon the fact that Black, Estes & Co. did in reality get the money in question, but, as they insist, got it as the money of Horton, and placed it to his credit, but the proposition of the court below, above referred to, was immediately followed and qualified by the distinct statement that if the money was loaned to Horton, and not to the defendants, their verdict would be for the defendants. Upon the whole charge we can not see there was error, or that the jury could have misunderstood its meaning, and upon a careful review of the facts we can not say that the evidence so greatly preponderates against the verdict as to authorize this court, upon the rules adopted for its own government in this respect, to reverse the judgment upon this ground, especially as there seems to have been three verdicts in favor of the plaintiffs below. Without determining upon which side in our opinion the preponderance is, it is sufficient to say, that the verdict is not without evidence to support it.
Affirm the judgment.